## Case No. 5,070.

In re FRAZIER.

Ex parte ANTHONY et al.

[2 Hughes, 293.][1]

Circuit and District Courts. E. D. Virginia. May 6 and June 5, 1874.

HUGHES, District Judge. The creditors, Anthony, now claim for themselves and other creditors the right to be paid their debts out of the two notes, on the ground that Starke was a partner of Frazier, and that this fund accruing to his estate, now in custody of this court, is chargeable with these debts. The counsel of Frazier were not authorized by the documents accompanying it to admit, in the statement of facts submitted to me, that the agreement of the 3d June, 1871, "was not abrogated before the death of said Starke in 1873;" and I do not accept that part of the agreed statement of facts as true. I conceive that the provision of the deed of trust giving Starke 12 per cent. as interest was a substitute agreed upon by both parties to the stipulation of 3d June, 1871, by which Starke was to take half the profits.

It is not proved that Starke's estate is insolvent. It is not denied that, if there has been such a firm as Starke & Frazier, the firm is solvent. Neither the estate of Starke himself nor the supposed firm of Starke & Frazier are in bankruptcy; and this court has therefore no jurisdiction over the estate of the one or the assets of the other. The property conveyed by Frazier to Starke's trustee is no part of the estate in bankruptcy, and but for the petition of Mary C. Starke, administratrix of T. B. Starke, improvidently preferred here, praying it to do so, this court would most probably not have assumed jurisdiction over the property conveyed by Frazier's trust deed. Now that a sale has proved that the bankrupt's estate had no interest in that property, this court declines longer to continue its jurisdiction over it.

It is unnecessary to decide whether a partnership existed between Starke and Frazier, or to decide, 1st. That a mere agreement, never carried into effect, to share profits, did not in this case constitute a partnership; and 2d. If it did create one, yet that the stipulation of the trust deed by which Starke was to receive 12 per cent. interest was an abandonment of the agreement to share profits. Starke's estate is not insolvent nor in bankruptcy. The estate of the alleged firm of Starke & Frazier, if such firm ever existed, is not in bankruptcy. Only Frazier himself is in bankruptcy; and as it is not pretended that the two notes, of $1000 each, are part of his estate in the custody of this court, the creditors of Frazier have no right to a decree for the payment of their claims out of those notes; certainly not on the agreed statement of facts signed by counsel, which by silence on the subject concedes that Starke's estate is solvent and that the hypothetical firm of Starke & Frazier is solvent.

It would be too great a stretch of the jurisdiction of this court to take a fund from the estate of a decedent not in bankruptcy to pay the debt of a partnership firm not in bankruptcy, on the single ground that the bankrupt himself was one of that firm.

If there was such a firm, and the creditors of this bankrupt have a claim against it, the local courts are open for the assertion of that claim, and the firm as well as the decedent's estate (for all that appears in the agreed statement of facts) are solvent and responsible for the debts of the firm. Starke being dead and unable to explain the terms on which the business of Frazier really went, it would have been proper to take the deed of trust, which is the last instrument executed between Frazier and himself, as indicating those terms, if there had been doubt on this point, which I have not. A decree may be taken for the delivery of the two notes of $1000 each to the administratrix of Starke.

This decree was affirmed, on appeal, on the 5th June, 1874.

BOND, Circuit Judge. This cause coming on to be heard upon the petition, agreed statements of facts, and answer, and having been argued by counsel, it is thereupon ordered that the petition be dismissed for the reasons well set forth in the opinion of the district judge, with costs.